IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMARA VILLANEUVA, ) | |
| ) | |
| Plaintiff, ) | 4:11CV3185 |
| ) | |
| v. ) | |
| ) | |
| CITY OF SCOTTSBLUFF, and ALEX ) | MEMORANDUM AND ORDER |
| MORENO, Individually and in his official ) | |
| capacity as Chief of Police, ) | |
| ) | |
| Defendants. ) | |

The plaintiff's complaint seeks both injunctive relief and damages. Her first claim requests recovery under 42 U.S.C. § 1983; the second asserts a Nebraska common law claim for negligent infliction of emotional distress. The plaintiff has demanded a jury trial.

Pending before me is the defendants' motion to strike the plaintiff's jury demand. Filing No. 11. The defendants argue the plaintiff is not entitled to a trial by jury under Neb. Rev. Stat. § 13-907 of the Nebraska Political Subdivisions Tort Claims Act. For the reasons discussed hereafter, the defendants' motion will be granted as to plaintiff's claims for injunctive relief as to all defendants, and as to her claim for damages against the City of Scottsbluff and defendant Moreno, in his official capacity. The plaintiff is entitled to a jury trial on her claim for damages against defendant Moreno in his individual capacity.

ANALYSIS

1.   Claims for Equitable Relief.

"There is no right to a jury trial on plaintiff's claims for equitable relief. . . . Therefore, to the extent the plaintiff's complaint demands a jury determination on her equity claims against any of the defendants, her jury demand must be stricken." Rohren v. Centennial Public School Dist. 67-R, 2007 WL 4118943, 1 (D. Neb. 2007)(Piester, M.J., presiding)(citing Curtis v.

Loether, 415 U.S. 189, 198 (1974); Buss v. Douglas, 59 F.R.D. 334, 334-35 (D. Neb. 1973)(Urbom, J., presiding)).

    2.    <u>Claims for Legal Relief</u>.

The plaintiff seeks an award of compensatory and punitive damages. The defendants claim the plaintiff is not entitled to a jury trial on her damage claims against the City of Scottsbluff or Moreno in his official capacity.

"A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (quoting Monell v. Dep't of Social Services, 436 U .S. 658, 690 n. 55 (1978)). Therefore, the claims against defendant Alex Moreno in his official capacity is a claim against the City of Scottsbluff itself.

The plaintiff has no right to a jury trial on her claims against the City and its officers acting in their official capacities "because at common law no action for damages ... lay against public officials acting in their official capacities as agents of the sovereign." Buss, 59 F.R.D. at 336. "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." Gragg v. City of Omaha, 812 F.Supp. 991, 992-93 (D.Neb.1993)(Kopf, J., presiding)(citing Galloway v. United States, 319 U.S. 372, 388-89 (1943)).

"Although Nebraska has, by statute, waived its sovereign immunity with respect to suits against its political subdivisions, (see Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901 to 13-926), this waiver is limited and does not permit such actions to be tried before a jury." Rohren, 2007 WL 4118943, at *1. Pursuant to the explicit language of Neb. Rev. Stat. § 13-907, claims filed against political subdivisions must be "heard and determined by the appropriate court *without* a jury." Neb. Rev. Stat. § 13-907 (emphasis added). Rohren, 2007

WL 4118943, at *1 (citing Frosh ex rel. Rohrbouck v. North Platte Public Schools, 2006 WL 3388642, *1 (D. Neb. 2006) (no right to jury trial on plaintiff's IDEA claim against a Nebraska school district)(Thalken, M.J., presiding); Harders v. Grand Island Public Schools, 2006 WL 2528524, *1 (D. Neb. 2006) (no right to jury trial on plaintiff's FMLA claim against a Nebraska school district)(Piester, M.J., presiding)).

Accordingly,

IT IS ORDERED that the defendant's motion to strike the plaintiff's jury demand, (filing no. 11), is granted in part and denied in part as follows:

1) The plaintiff's jury demand is stricken as to her claims for injunctive relief;

2) The plaintiff's jury demand is stricken as to her claims for damages against the defendant City of Scottsbluff and defendant Moreno in his official capacity; and

3) The defendant's motion to strike the plaintiff's jury demand is denied as to plaintiff's claim for damages against defendant Moreno in his individual capacity

DATED this 9th day of January, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.