IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMARA VILLANUEVA, | ) | 4:11CV3185 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF SCOTTSBLUFF, and | ) | |
| ALEX MORENO, Individually and | ) | |
| in his official capacity as Chief of | ) | |
| Police, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the me on Defendants' motion to dismiss. (Filing 13.) Also pending is Defendants' motion to strike. (Filing 9.) As set forth below, Defendants' motion to dismiss is denied and Plaintiff will be permitted to file a second amended complaint.

## I. BACKGROUND

Plaintiff Tamara Villanueva ("Villanueva") filed an amended complaint in this matter on November 10, 2011, against the City of Scottsbluff ("Scottsbluff") and Scottsbluff police chief Alex Moreno ("Moreno"). (Filing 8.) Villanueva sues Moreno in both his individual and official capacities. (*Id*. at CM/ECF p. 2.)

Villanueva's amended complaint asserts two causes of action. (*Id*. at CM/ECF pp. 9-12.) The first cause of action is a Fourteenth Amendment equal protection claim against Scottsbluff and Moreno for "implementing a policy of treating domestic assaults differently than non-domestic assaults." (*Id*. at CM/ECF p. 10.) This allegation stems from Defendants' failure to respond to Villanueva's reports of assault and harassment. (*Id*. at CM/ECF pp. 2-10.)

The second cause of action is a negligent infliction of emotional distress claim against Moreno. (*Id*. at CM/ECF pp. 10-11.) In October 2010, Moreno and Villanueva began a consensual sexual relationship. (*Id*.) However, on November 25, 2010, Moreno sent Villanueva "graphic, lewd, sexual references" and she decided to end the relationship. (*Id*. at CM/ECF p. 5) Thereafter, Villanueva experienced harassing phone calls and observed suspicious activity outside of her home. (*Id*. at CM/ECF pp. 5-11.) Villanueva seems to suggest that Moreno took advantage of her because he knew that she had a "vulnerable state of mind as a victim of domestic violence." (*Id*.) Villanueva seeks equitable relief, compensatory damages, punitive damages and reasonable attorney's fees. (*Id*. at CM/ECF pp. 11-12.)

On December 5, 2011, Defendants filed a motion to strike, asking the court to strike Villanueva's requests for punitive damages. (Filing 9.) That same day, Defendants filed a motion to dismiss along with a brief in support. (Filings 13 and 14.) Villanueva filed a brief in opposition to the motion to strike and the motion to dismiss on December 19, 2011. (Filing 17.)

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations & quotations omitted). This "plausibility standard" is not one of *probability*, "but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations & quotations omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (internal citation omitted; quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

   *2.  Federal Claims*

Defendants argue that Villanueva has failed to state a Fourteenth Amendment equal protection claim upon which relief may be granted. (Filing 14 at CM/ECF pp. 2-5.) For the reasons discussed below, the court agrees.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a threshold matter, to state an equal protection claim, Villanueva must allege that she "was treated differently from others similarly situated." *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006).

Here, Villanueva alleges that Defendants violated her equal protection rights because they implemented "a policy of treating domestic assaults differently than non-domestic assaults." (Filing 8 at CM/ECF p. 10.) This allegation stems from Defendants' failure to respond to Villanueva's reports of assault and harassment. (*Id*.

-3-

at CM/ECF pp. 2-10.) However, Villanueva does not allege that she is a member of a suspect class, nor does she allege that she was treated differently from others similarly situated. (*Id*.) In addition, Villanueva's allegations are not sufficient to state a class-of-one equal protection claim. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir. 2009) (concluding "while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one equal protection claim"); *see also Enquist v. Or. Dep't of Agric.*, 553 U.S. 559, 603 (2008) (finding that, in the police investigation context, "the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted" police officers).

In her brief in opposition to Defendants' motion to dismiss, Villanueva acknowledges that her equal protection claim needs to be amended. (Filing 17 at CM/ECF p. 3.) However, she also argues that her amended complaint should not be dismissed because the alleged facts are sufficient to state a due process claim against Moreno for stalking and harassing her. (*Id*.) This argument lacks merit. To start, Villanueva did not assert a due process claim in her amended complaint. (*See* Filing 8.) Even if she had, her stalking and harassment allegations do not amount to conduct that "shocks the conscience." *Fields v. Abbott*, 652 F.3d 886, 891 (8th Cir. 2011) (concluding that to state a substantive due process claim under a state-created danger theory, a plaintiff must show "(1) that she was a member of a limited, precisely definable group, (2) that the municipality's conduct put her at a significant risk of serious, immediate, and proximate harm, (3) that the risk was obvious or known to the municipality, (4) that the municipality acted recklessly in conscious disregard of the risk, and (5) that in total, the municipality's conduct shocks the conscience" (internal quotations omitted)); *see also Darbonne v. Gaudet*, No. Civ.A. 03-1989, 2005 WL 1523328, at *7-8 (W.D. La. June 22, 2005) (concluding plaintiff's allegations that a sheriff's acts of driving by plaintiff's house, watching plaintiff, and using his sheriff's vehicle to "peel out" did not rise to the level of "conscience shocking"); *see also*

*DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 194 (1989) (stating "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors").

In short, Villanueva's amended complaint fails to state a federal claim upon which relief may be granted. However, I will provide Villanueva with an opportunity to file a second amended complaint. If Villanueva fails to file a second amended complaint by March 7, 2012, I will dismiss this matter without further notice for failure to state a claim upon which relief may be granted.

   *3.    State Law Claims*

Villanueva may also have state law claim against Moreno. Pending amendment of the complaint as set forth in this memorandum and order, I make no finding regarding the court's jurisdiction over any potential state law claims. In the event that Villanueva abandons her state law claims or fails to file a second amended complaint in accordance with this memorandum and order, the court will not retain jurisdiction over any state law claims and I will dismiss them without prejudice to reassertion in state court.

**B.    Motion to Strike**

Because I am providing Villanueva with an opportunity to file a second amended complaint, and because her first amended complaint fails to state a federal claim upon which relief may be granted, Defendants' motion to strike is denied without prejudice to reassertion.

   IT IS THEREFORE ORDERED that:

   1.    Defendants' Motion to Dismiss (filing 13) is denied.

2. Villanueva's amended complaint (filing 8) fails to state a claim upon which relief may be granted. However, Villanueva shall have until **March 7, 2012**, to file a second amended complaint in accordance with this memorandum and order. If Villanueva fails to file a second amended complaint, I will dismiss her claims against Defendants without prejudice and without further notice.

3. Defendants' motion to strike (filing 9) is denied without prejudice to reassertion.

DATED this 21st day of February, 2012.

BY THE COURT:

s/*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.